AVIATION CREDIT CORPORATION,
Appellant,

v.

CONNER AIR LINES, INC., F. A. Conner, M. M. Landy and American Casualty Company of Reading, Pennsylvania, Appellees.

No. 19216.

United States Court of Appeals
Fifth Circuit.

Sept. 6, 1962.

Rehearing Denied Oct. 8, 1962.

Laurence A. Schroeder, Miami, Fla., Robert V. Smith, Washington, D. C., for appellant.

Don G. Nicholson, Miami, Fla., for appellees.

Before RIVES, JONES and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment establishing the extent of liability under the supersedeas bond furnished by Conner Air Lines, Inc., and F. A. Conner, appellants in *one* of the appeals reported as Conner Air Lines, Inc. v. Aviation Credit Corporation, 5 Cir., 1960, 280 F.2d 895. The basic facts are set forth in that opinion.

That appeal was from a decree ordering the foreclosure of a mortgage given by Conner Air Lines to Aviation Credit Corporation on a Douglas DC–6 Aircraft and eight Pratt & Whitney Aircraft Engines to secure an indebtedness found by the district court to be $417,646.16 as of June 17, 1959. Aviation Credit Corporation appealed from the same decree, and the two appeals were consolidated and heard together.

This Court held that Conner's appeal was without merit, but reversed upon Aviation Credit's appeal and remanded

the cause for the entry of a decree in its favor greater in amount. Pursuant to this Court's mandate and opinion, the district court entered another decree of foreclosure on February 13, 1961, in which it ascertained the mortgage debt to be "the sum of $469,266.44 with interest from June 17, 1959 amounting to $46,379.13, plus $40,000 which the Court determines to be reasonable attorneys' fees incurred by plaintiff, plus costs in the District Court hereby taxed in the sum of $625.68, together with appellate costs in the sum of $1,873.45, making a grand total of $558,144.70." Thus, in addition to interest and costs, the district court found that the mortgage debt was more than $90,000.00 greater than that ascertained in the decree of June 17, 1959.

When the plane and engines were sold on May 5, 1961, they brought only $55,-000.00. A receiver had been appointed to lease the plane and deposit the rentals in receivership. Out of the rentals the receiver paid to the mortgagee on February 14, 1961, $250,000.00, and on May 15, 1961, $150,000.00. On June 9, 1961, after the foreclosure sale, the total balance in the receiver's hands, $49,180.54, was paid to the mortgagee. Thus, the security eventually produced a total of only $449,-180.50 to meet the indebtedness ascertained in the foreclosure decree of February 13, 1961 to be $558,144.70, leaving an unpaid deficiency (after calculating interest) as of June 9, 1961 of approximately $114,000.00.

When Conner appealed from the original foreclosure decree it had, pursuant to an order of the district court, filed a supersedeas bond with American Casualty Company as surety which was duly approved. That bond was in the principal sum of $175,000.00. The condition [1] of the bond was thus stated:

"The condition of this obligation is such that whereas the above named principals are entering their appeal to the United States Court of Appeals for the Fifth Circuit to review the Final Decree of Foreclosure and the Findings of Fact and Conclusions of Law entered in the above styled cause, said Final Decree of Foreclosure having been entered under date of June 17, 1959, and recorded by microfilm on said date in the records of the United States District Court for the Southern District of Florida, Miami Division.

"Now, Therefore, if they, the said Conner Air Lines, Inc. and F. A. Conner, principals herein, shall satisfy the aforesaid decree or judgment in full, together with costs, interest and damages for delay if for any reason the appeal is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the said decree or judgment and such costs, interest and damages

1. See Rule 73(d), Federal Rules of Civil Procedure, 28 U.S.C.A.:

"(d) *Supersedeas Bond.* Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the marshal or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay."

as the appellate Court may adjudge and award, then this obligation shall be null and void; otherwise to remain in full force, effect and virtue."

On the other appeal taken by Aviation Credit Corporation from the same decree, no supersedeas bond was furnished.

On the day the foreclosure sale was confirmed, the principals and surety on the supersedeas bond filed their motion for an order setting conditions for release and discharge of the supersedeas bond. They asserted that the bond was responsible only for payment of the original decree of $417,646.16 and that all sums ordered paid to the mortgagee should be applied toward satisfaction of that decree. Over the objection of the mortgagee, Aviation Credit Corporation, the district court eventually followed that theory and ordered the supersedeas bond discharged upon payment of $13,068.14 plus interest from and after June 9, 1961. Apparently that amount was arrived at by the following calculations:

```
"Superseded decree of 6/17/59 .......................$417,646.16
 Received February 14, 1961 ......................... 250,000.00

   Principal balance .............................$167,646.16
 Interest on $417,646.16 decree from 6/17/59 to 2/14/61 ..  41,561.21
 $27.572 per day interest on $167,646.16 from 2/15/61
   through 5/15/61 .................................  2,514.68
 Costs on Conner appeal only .........................    282.07

   Total ........................................$212,004.12
 Received May 15, 1961 .............................. 150,000.00

   Balance ......................................$ 62,004.12
 Interest at $10.19 per day to 6/9/61 .................    244.56

   Total ........................................$ 62,248.68
 Total balance in Receiver's hands—June 9, 1961 .......$ 49,180.54

 Balance owed on bond as of 6/9/61 ................$ 13,068.14"
```

One of the contentions made at first by Aviation Credit in the district court was that since the condition of the supersedeas bond was not only to satisfy the judgment entered on June 17, 1959, but was also to satisfy in full "such modification of the said decree or judgment and such costs, interest and damages as the appellate Court may adjudge and award," that the liability extended to cover the increase in the judgment after remand, which increase resulted from Aviation Credit's appeal. That insistence is now abandoned.[2] For that reason we do not rule on that issue, merely noting in passing that the granting of supersedeas apparently had no connection with that increase.

Instead, Aviation Credit's main insistence on this appeal is thus stated:

"The rentals earned pendente lite and sale proceeds should have been

2. To quote from appellant's reply brief:
"(Appellees) argue and cite authorities to the effect that a supersedeas bond conditioned to pay a judgment cannot be extended to cover an enlarged judgment resulting from a cross-appeal. Although appellant would like to make this argument and believes that it should be the law, nevertheless appellant has not made this an issue in its appeal nor argued same in its brief. * * *
"As previously stated, appellant does not contend in this appeal that the surety's liability should be extended to cover the increase in the judgment after remand."

applied first to the payment of the unsecured [3] portion of the debt represented by the increase in the decree after remand, with the balance applied to that portion of the debt represented by the original decree or, in the alternative, should have been applied pro rata."

 The extent of liability under the supersedeas bond must be determined in accordance with the real or presumed intention of the parties. When it was executed all parties knew that the mortgage security covered the entire mortgage debt, both that ascertained in the decree of June 17, 1959 and any increase which might be found as a result of the appeal of Aviation Credit. While the supersedeas bond agreed to satisfy the decree of June 17, 1959, the surety was charged with notice that payments realized from the mortgage security might go to reduce a larger mortgage debt. There is no showing or indication that the parties to the supersedeas intended that any of the proceeds of the security be diverted from one part of the mortgage debt and applied to another. Instead, they took both the decree appealed from and the mortgage contract as they found them, and with notice that on Aviation Credit's appeal it might be held that the amount ascertained in the decree of June 17, 1959 was not the full mortgage debt. We agree with appellant's alternative contention that the rentals earned pendente lite and the sale proceeds should have been applied pro rata to the payment of the amount ascertained in the decree of June 17, 1959, and to the portion of the mortgage debt represented by the increase in the decree after remand. Such application appears to us to give recognition to the intention of the parties both in the mortgage contract and in the supersedeas bond, to be just and equitable, and to be in accord with the pertinent authorities. See 40 Am. Jur., Payment, Secs. 145, 149, 150; 70 C.J.S. Payment §§ 69, 73; Annotation, 57 A.L.R.2d pp. 865 et seq.

It would appear from the calculations heretofore set out that the district court also failed to observe the rule that payments should first be applied to interest accrued to the date of payment and then to principal. 70 C.J.S. Payment § 75, p. 279. We do not agree with appellant's contention that the supersedeas bond on Conner's appeal covered Aviation Credit's costs on its successful appeal. To carry out the conclusions here reached, the judgment is reversed and the cause remanded.

Reversed and remanded.

---

3. By "unsecured" appellant evidently means not covered by the supersedeas bond.