PRUDENTIAL INSURANCE COMPANY OF AMERICA and Eastern Airlines, Inc., Plaintiffs,

v.

Bettie BOYD, Defendant-Appellant,

Clarice D. Boyd as the Natural Mother and Guardian of Danita Boyd and Daniel Boyd, III, as minors, Defendants-Appellees.

PRUDENTIAL INSURANCE COMPANY OF AMERICA and Eastern Airlines, Inc., Plaintiffs-Appellees,

v.

Bettie BOYD, Defendant-Appellant,

Clarice D. Boyd as the Natural Mother and Guardian of Danita Boyd and Daniel Boyd, III, as minors, Defendants.

Nos. 84–5973, 85–5251.

United States Court of Appeals, Eleventh Circuit.

Feb. 10, 1986.

Rehearing and Rehearing En Banc Denied April 7, 1986.

---

J.T. Hollin, Atlanta, Ga., for Bettie Boyd.

Leon Sharpe, Miami, Fla., for Clarice D. Boyd.

Before JOHNSON and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Daniel Boyd, Jr., was married to appellee Clarice Boyd until 1975. Two children were born of this marriage. The marriage ended in divorce by decree issued by a state court on June 4, 1975. Paragraph five of the divorce decree provided as follows:

> Respondent-Counter-Petitioner shall arrange with the carrier of his existing life insurance protection for designation of the aforesaid minor children as irrevocable beneficiaries of such policy evidencing said protection; and he shall also be liable for, and pay, unusual medical, dental or orthodontal expenses of said minor children.

On the date of his divorce from Clarice Boyd, Daniel Boyd was employed by plaintiff Eastern Airlines ("Eastern") and was covered by a group term life insurance policy issued by plaintiff Prudential Insurance Company ("Prudential"). On the date of the divorce, the maximum recovery under this policy would have been approximately $32,000.

After his divorce, on September 6, 1975, Daniel Boyd married appellant Bettie Boyd. Contrary to the terms of the divorce decree, Daniel Boyd failed to designate his children by his first marriage as irrevocable beneficiaries of his life insurance policy. Two weeks after the second marriage, Daniel Boyd named his new wife as the beneficiary of the policy. Continuing until his death, Daniel Boyd made contributory payments, *i.e.*, voluntary premium payments from his own salary, which effectively doubled the minimum amount of

term life insurance available to the named beneficiary.

Daniel Boyd, Jr., died on April 26, 1983. At the time of Daniel Boyd's death, the beneficiary of his term life insurance policy was eligible to receive the sum of $63,-261.60.

On May 18, 1983, on behalf of her minor children, Clarice Boyd as the natural mother and guardian of the children sought to claim the insurance benefits from Prudential. On June 7, 1983, Bettie Boyd sought to claim those same benefits. Faced with these conflicting claims, plaintiffs Prudential and Eastern filed a Bill for Interpleader in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C.A. § 1335, seeking a declaratory judgment stating who was entitled to the proceeds from Daniel Boyd's insurance policy. The plaintiffs paid into the registry of the court the sum of $63,261.60, which was the value of the policy. The defendants in this action were appellant and appellees.

Bettie Boyd filed a motion for partial summary judgment on July 17, 1984, and a motion for expedited ruling on July 26, 1984. Clarice Boyd filed a motion for partial summary judgment on July 27, 1984, and a motion for expedited ruling on August 20, 1984. The district judge granted both motions for expedited ruling, granted the motion of Clarice Boyd for partial summary judgment, and denied the motion of Bettie Boyd for the same.

Bettie Boyd filed a motion for reconsideration and a motion for clarification of the order granting partial summary judgment. These motions were denied. Bettie Boyd filed a first notice of appeal, which appeal was dismissed for lack of jurisdiction. Subsequently, Clarice Boyd filed a motion for entry of final summary judgment and for disbursement of funds; Bettie Boyd filed motions for supersedeas and for stay of execution of judgment. By order of October 19, 1984, the district judge granted final summary judgment for Clarice Boyd.

On November 16, 1984, the judge issued an order entering final judgment for Clarice Boyd, denying Bettie Boyd's motions for supersedeas and for stay of execution, and granting Clarice Boyd's motion for disbursement of funds. Bettie Boyd filed a second notice of appeal and renewed her motions for stay and supersedeas. On January 14, 1985, the district judge ordered the disbursement of $63,261.60 plus interest and declared that Bettie Boyd's motions for stay and supersedeas were moot.

Plaintiffs moved to tax costs and attorneys' fees against the defendants. By order of February 28, 1985, the court directed that Prudential and Eastern recover a total of $971.25 in attorneys' fees, and $69.74 in costs, from Bettie Boyd. She then filed a third notice of appeal, appealing the order awarding attorneys' fees and costs against her. All appeals were consolidated into this action.

## I. Summary Judgment Was Appropriate

■ Appellant contends that paragraph 5 of the divorce decree (quoted above) was ambiguous, primarily because the paragraph did not state the specific life insurance policy, or the amount of coverage, that was to be subject to the order. Appellant also argues that the requirement that Daniel Boyd name his children "irrevocable beneficiaries" of his "existing life insurance protection" was vague. Appellant claims that the intent of the divorce court judge and of the parties to the divorce was not clear, and that the intent is a matter that should be determined by the trier of fact.

The divorce decree required Daniel Boyd to name his children as irrevocable beneficiaries of his "existing life insurance protection." No evidence was introduced to controvert the fact that Daniel Boyd was legally bound by this requirement. Florida courts have consistently construed provisions similar to this one to require the insured to name the person so designated by the divorce decree to be the beneficiary of the life insurance policy, and to nullify attempts to name another person as beneficiary. *See, e.g., Pensyl v. Moore,* 415 So.2d 771 (Fla. 3rd DCA 1982); *Dixon v. Dixon,*

184 So.2d 478 (Fla. 2d DCA 1966), *cert. discharged*, 194 So.2d 897 (Fla.1967).

Appellant argues that, because Daniel Boyd might have had life insurance coverage other than the Prudential policy, the Prudential policy is not necessarily covered by the divorce decree. This argument is completely meritless. The existence of other life insurance is irrelevant to whether the Prudential policy was subject to the divorce decree. If other life insurance coverage existed at the time of the divorce, then that insurance as well as the Prudential policy was subject to the requirement that Daniel Boyd's children by his first marriage be named as beneficiaries. The district court correctly ruled that Daniel Boyd was legally bound to name the children by his first marriage to be the beneficiaries of the Prudential life insurance policy that existed at the time of his divorce.

█ The only possible ambiguity about the requirement of the divorce decree is whether the "existing life insurance protection" at the time of the divorce includes the increased value of the policy after the divorce, taking into account the fact that Daniel Boyd continued to make contributory payments after the divorce. Appellant contends that, even if the children (or Clarice Boyd on their behalf) are entitled to the approximately $32,000 that the policy was worth at the time of the divorce, they are not entitled to the full $63,261.60 that the policy was worth at the time of Daniel Boyd's death. Appellant cites several cases from states other than Florida in support of the proposition that Clarice Boyd is entitled only to the insurance policy's value as it existed at the time of the divorce.

In deciding whether to award the increased value of the policy to Bettie Boyd or Clarice Boyd, we are bound by the Florida case of *Dixon v. Dixon, supra*, 184 So.2d at 478. In *Dixon*, the terms of a divorce decree required the decedent to maintain and keep current with his employment all of his life insurance policies, and to name his minor child as the beneficiary

of those policies. The court held that the divorce decree divested the decedent of his ownership interest in the life insurance policy he maintained at the time of his divorce. The court further held that tne divorce decree gave the minor child an indefeasible interest in the proceeds from that policy and from a life insurance policy that was later substituted for the original policy.

This Court is required by *Dixon* to hold that, by the terms of his divorce decree, Daniel Boyd was divested of his ownership of the proceeds of his life insurance policy with Prudential. The decree created an indefeasible interest in the proceeds of this policy in the two minor children by Daniel Boyd's first marriage. The fact that Daniel Boyd continued to increase the value of the insurance policy after his divorce is of no legal significance in this case. The proceeds of that policy did not belong to Daniel Boyd, and his contributory payments must be treated as a gift to the minor children by the first marriage. Consequently, Clarice Boyd, in her capacity as guardian of these minor children, is entitled to the full value of the Prudential policy at the time of Daniel Boyd's death.[1]

## II. The Award of Attorneys' Fees

█ The district court awarded costs and attorneys' fees in favor of Prudential and Eastern and against appellant. In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder. *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir.1980). Appellant contends, however, that in awarding costs and attorneys' fees against her, and not against the interpleader fund, the district court abused its discretion.

█ The award of costs and attorneys' fees in an interpleader action is generally to be imposed against the party who has benefited from the interpleader action. *Prudential-Bache Securities, Inc. v. Tranakos*, 593 F.Supp. 783, 785 (D.Georgia

---

1. However, the costs and attorneys' fees incurred by the filing and prosecuting of this interpleader action will be taxed against this recovery. *See infra*, pp. 1497–98.

1984). The usual practice is to tax the costs and fees against the interpleader fund, although the court may tax the losing claimant directly when her conduct justifies doing so. *Id.* In taxing costs and attorneys' fees directly against appellant, the district court found that "the purported change in beneficiary may have constituted a fraud upon the rights of the minor children." This finding of bad faith is wholly unsubstantiated by the record and, as a clearly erroneous finding, will not be accepted by this Court. Fed.R.Civ.P. 52(a). We hold that the district court abused its discretion in taxing costs and attorneys' fees against appellant, and we remand with instructions to tax costs and attorneys' fees against the interpleader fund.

 Finally, we note that appellant also appeals the district court's denial of supersedeas. The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir.1979). It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor. *See id.* at 1191. If the district court had retained custody of the insurance proceeds during this appeal, the court would have preserved the status quo and prevented the risk that appellant, had she prevailed, would have been unable to collect her award. However, because the district court correctly, with the exception of the costs and attorneys' fees, awarded the proceeds of the Prudential policy to Clarice Boyd, that court's denial of supersedeas and disbursal of the funds are of no consequence in the present case, and we do not decide whether that court abused its discretion.

The order of the district court awarding the proceeds of the Prudential policy, in the amount of $63,261.60 plus accrued interest, to Clarice Boyd is, with the exception of the costs and attorneys' fees, AFFIRMED. The district court's award against appellant of plaintiffs' costs and attorneys' fees, in the amounts of $69.74 and $971.25, respectively, is REVERSED. This case is RE-MANDED to the district court with directions to award plaintiffs their costs and attorneys' fees from the proceeds of the interpleader fund.