**REVLON, INC., A Delaware corporation, Plaintiff,**

v.

**CARSON PRODUCTS CO., a Georgia corporation, Defendant.**

No. 82 Civ. 4326 (IBC).

United States District Court, S.D. New York.

Nov. 17, 1986.

See also, Fed.Cir., 803 F.2d 676.

Wigman & Cohen, P.C. (Herbert Cohen, of counsel), Arlington, Va., for Revlon, Inc.

Wyatt, Gerber, Shoup, Scobey & Badie (Bruce N. Proctor, of counsel), New York City, for Carson Products Co.

### MEMORANDUM

IRVING BEN COOPER, District Judge.

Defendant seeks a release of its supersedeas bond in the sum of $525,440.00 filed with this Court on August 29, 1985. The bond was intended to secure a stay of judgment of attorney's fees entered by this Court on August 27, 1985.

The Court of Appeals for the Federal Circuit reversed the order of attorney's fees on June 30, 1986. Plaintiff subsequently petitioned for a writ of certiorari on October 23, 1986.

Plaintiff opposes defendant's request to release the bond.

### DISCUSSION

Under Federal Rule of Civil Procedure 62(d) a judgment debtor may secure a stay of judgment pending appeal by posting a supersedeas bond. The purpose of the bond is to preserve the status quo while protecting the non-appealing party's rights pending the appeal. *Prudential Insurance Co. of America v. Boyd,* 781 F.2d 1494, 1498 (11th Cir.1986). If the district court's judgment is affirmed, the bond insures the judgment creditor against the

7. See, generally, 10A Wright, Miller, and Kane, Federal Practice & Procedure, § 2730 (1983).

risk of lack of funds to satisfy the award. *Id.* In contrast, if the award issued by the district court is reversed, the bond no longer serves its purpose of insuring payment of the award and therefore should be released.

Plaintiff disagrees that a supersedeas bond is generally purposeless where, as here, a circuit court of appeals vacates the district court's judgment. Plaintiff reasons that should the Supreme Court grant certiorari and reinstate our award of attorney's fees, it will not be insured against the possibility of defendant's financial inability to fulfill its obligation.

The fatal flaw in this reasoning is twofold. First, plaintiff assumes that we have the power to maintain the bond simply because the appellate decision may be reversed. A court of appeals judgment, it must not be forgotten, "is entitled to a presumption of validity." *Graves v. Brown*, 405 U.S. 1201, 1203, 92 S.Ct. 752, 753, 30 L.Ed.2d 769 (1971). Far be it for us to presume, as plaintiff would have us do, that the court of appeals erred; a district court must be ever vigilant of such hubris.

For the foregoing reason "[a] stay granted by a district court pending appeal to a court of appeals should be limited to the latter court." 7 *Moore's Federal Practice* ¶ 62.06 (2d ed. 1985). Logically, a supersedeas bond securing the stay should also be limited to the court of appeals. Consequently, the bond should be released once the appellate court has reversed the underlying judgment.

Second, plaintiff has presented no evidence of defendant's potential inability to satisfy a judgment in the event the Supreme Court reinstates our award. We thus have no reason to suspect that irreparable injury may occur from a release of the supersedeas bond here.

Accordingly, we are constrained to, and do, release the supersedeas bond filed with this Court on August 29, 1985.

SO ORDERED.