**WATER TECHNOLOGIES CORPORATION, Water Pollution Control Systems, Inc., and Kansas State University Research Foundation, Plaintiffs,**

v.

**CALCO, LTD. and William J. Gartner, Defendants.**

No. 82 C 4330.

United States District Court, N.D. Illinois, E.D.

Sept. 20, 1988.

---

W.A. Van Santen, Wegner Stellman McCord Wiles & Wood, Chicago, Ill., Harness Dickey & Pierce, Birmingham, Mich., Joseph Krieger, Mason Kolehmainen Rathburn & Wyss, Chicago, Ill., for plaintiffs.

Robert E. Wagner, Sidney Wallensten, Ralph R. Rath, Wallenstein Wagner Hattis Strampel & Aubel, John W. Chestnut, Timothy L. Tilton, Tilton Fallon Langmus & Chestnut, Chicago, Ill., Fred Wiviott, Whyte & Hirschboeck, Milwaukee, Wis., Michael J. Samis, Dennis A. McKinney, Patrick S. Hart, Falls & Samis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant William J. Gartner moves for the release of a supersedeas bond. For the following reasons, we grant his motion.

### Background

In separate opinions dated October 22, 1986 and January 28, 1987, former Chief Judge Frank J. McGarr found defendants Calco, Ltd. ("Calco") and Gartner liable to the plaintiffs (collectively referred to as "WTC") for patent infringement and unfair competition. 658 F.Supp. 961 (N.D.Ill. 1986); 658 F.Supp. 980 (N.D.Ill.1987). Judge McGarr awarded plaintiffs $840,000 for damages based on lost profits; $200,000 for damages based on lost marketing opportunities;[1] $221,102 in prejudgment interest; $150,000 for attorneys' fees; and $5,055.16 in court costs.

Calco and Gartner appealed Judge McGarr's rulings to the United States Court of Appeals for the Federal Circuit.

---

1. In his memorandum supporting his motion for release of the supersedeas bond, Gartner concludes that the $840,000 award was for patent infringement, and the $200,000 award was for unfair competition. Def.Mem. at 2. WTC agrees with this conclusion. Plts.Mem. at 2. The conclusion, however, is incorrect. Judge McGarr's opinion found that there had been both patent infringement and unfair competition by the defendants. See 658 F.Supp. at 972–77. The award of damages, however, did not apportion damages between the two claims, but rather granted damages for both together. See id. at 977–79. The only apportionment of damages is between lost profits and lost marketing opportunity.

As described below, the characterization of damages becomes important in light of the Federal Circuit's opinion remanding the case.

While this appeal was pending, WTC sought to execute on the judgment against both Calco and Gartner. In order to stay execution, Gartner and WTC entered into a "Stipulation and Order as to Supersedeas Bond" and an "Agreement for Stay of Execution of Judgment Pending Appeal." Pursuant to these documents, Gartner posted a cash bond of $500,000, and on March 9, 1987, the Court stayed the execution of judgment against both defendants pending appeal.

On June 16, 1988, the Federal Circuit affirmed in part, reversed in part, vacated in part and remanded with instructions. 850 F.2d 660 (Fed.Cir.1988). The court held that there had been patent infringement, but that there was no basis under federal law for WTC's unfair competition claim. *See id.* at 671. Accordingly, it reversed and remanded with instructions to us to vacate the judgment "to the extent that it upholds [WTC's] unfair competition claim and includes an award of damages thereon." *Id.* The court then held that the damage award for patent infringement should not have been based on lost profits, but rather on a reasonable royalty. As a result, the court vacated "the award in its entirety and remand[ed] for damage proceedings consistent with this opinion." *Id.* at 674.

■ It is not immediately clear what the Federal Circuit meant by "the award in its entirety." It may refer only to the $840,000 award, which is certainly vacated since it was based on lost profits. It may also refer, however, to the $200,000 award, which was based on lost marketing opportunity. After examining the rationale of the Federal Circuit opinion, we believe that it must be read to vacate both the award for lost profits and the award for lost marketing opportunity. The Federal Circuit noted that an award of damages for lost profits was proper only if the plaintiff could prove that it would have made sales "but for" the infringer's sales. 850 F.2d at 673. Judge McGarr made no finding that

such "but for" causation existed. Indeed, as the Federal Circuit noted, for part of the period for which Judge McGarr gave lost profits, there could not have been "but for" causation. Plaintiffs did not produce the infringed product commercially and thus could not have made any sales anyway. Similarly, there could have been no lost marketing opportunity, at least for the period when the plaintiffs were not producing commercially. Therefore, we hold that the award of $200,000 is also vacated, subject to the redetermination of damages.

In addition to vacating the award for lost profits and, as we have seen, the award for lost marketing opportunity, the Federal Circuit vacated the $150,000 award of attorneys' fees for redetermination. The court also vacated the $221,102 award of prejudgment interest, since it was based on an erroneous award of damages. Finally, the court affirmed, without discussion, the award of $5,055.16 in costs.

Thus, at the present, the only liquidated judgment against Gartner and Calco is the $5,055.16 in costs, an amount far less than the $500,000 plus interest in Gartner's supersedeas bond. Not surprisingly, Gartner has asked this Court to order the escrow agent to release $5,055.16 for payment to WTC and to return the remaining funds to Gartner.[2] WTC, however, objects to the release of the bond. WTC relies on *Tennessee Valley Authority v. Atlas Machine & Iron Works*, 803 F.2d 794 (4th Cir.1986), and *Aviation Credit Corp. v. Conner Air Lines, Inc.*, 307 F.2d 685 (5th Cir.1962), *cert. denied*, 371 U.S. 954, 83 S.Ct. 510, 9 L.Ed.2d 501 (1963), and contends that an appellant like Gartner remains obligated on his supersedeas bond unless his appeal results in a reversal on the issue of liability. Because the Federal Circuit did not reverse the defendants' liability, WTC argues that the bond should not be released. WTC also suggests that by its calculations the bond amount of $500,000 is still less than the amount of damages that this Court should award on redetermination.

**2.** Instead of depositing the money with the Clerk of this Court, as is the usual procedure with supersedeas bonds, Gartner deposited the money in a separate escrow account, per Judge McGarr's order.

· Gartner responds that the cases relied on by the plaintiffs actually support a different rule: The extent of the appellant's liability is governed by the terms of the bond itself. Gartner looks to the bond and reads it to mean that the defendants' obligation ended when the Federal Circuit issued its mandate to this Court.

We find it unnecessary to resolve the disputed interpretation of these cases from other circuits, because we believe that a better rule would limit the supersedeas bond to the appeal. *See* 7 J. Moore & J. Lucas, *Moore's Federal Practice*, ¶ 62.06 at 62.35 (1987) ("A stay granted by a district court pending appeal to a court of appeals should be limited to the immediate appeal to the latter court"); *cf. Revlon, Inc. v. Carson Products Co.*, 647 F.Supp. 905, 906 (S.D.N.Y.1986) (supersedeas bond should be released if court of appeals reverses underlying judgment, even though losing party has petitioned the Supreme Court for certiorari). Therefore, we hold that, absent unambiguous language in the supersedeas bond to the contrary, an appellant is liable under a bond only until the court of appeals has issued its mandate in a case or stayed its mandate pending application for certiorari. *See* Fed.R.App.P. 41. At that point, the bond will be released, and the proceeds will go to satisfy any damages that were upheld or determined by the court of appeals. The rest of the proceeds, if any, will go to the appellant.

Applying the rule to this case, we note that the supersedeas bond calls for the escrow agent to render payment to this Court "[u]pon entry of a final order ... upon appellate review in the Court of Appeals of [sic] the Federal Circuit, or, if further appeal is taken, in any court in which Gartner is entitled to appeal." The parties disagree about how this passage should be read, but we believe the more natural reading is that the supersedeas bond only applies to appeals. At any rate, it does not unambiguously indicate that the bond would apply to a remand, as the rule we have outlined requires. Thus, the bond should be returned to Gartner except for the money necessary to cover WTC's court costs.

Accordingly, we order the escrow agent Northern Trust Bank of Arizona to release $5,055.16 from escrow account no. 1113000458 to the Clerk of this Court and to release the remainder of the funds from that account, including interest earned, to William J. Gartner. We order the Clerk to turn over the $5,055.16 to the plaintiffs in satisfaction of the award of court costs dated January 29, 1987. It is so ordered.