OPINION OF THE COURT
Shirley Fingerhood, J.
The question before the court on the motion and cross motions is whether an escrow agent may utilize the inter-pleader statute, CPLR 1006, for the resolution of adverse claims to an escrow fund, when one claim is unrelated to the escrow agreement.
The action was commenced by an escrow agent, a law firm, pursuant to CPLR 1006, which permits a person who is or may be exposed to multiple liability as the result of adverse claims, to commence an action against the claimants. (CPLR *54 1006 [a].) CPLR 1006 (f) permits the court to discharge a stakeholder from liability upon payment into court of the subject matter of the action. Plaintiff cross-moves for that relief.
Defendant Squire Village Associates moves for summary judgment in its favor on the complaint and on its counterclaims for compensatory and punitive damages; defendant Hudson/Windsor Associates cross-moves for summary judgment on its cross claims and counterclaims for the escrow fund, or alternately for consolidation of this action with an action it has brought against Squire and its principals. (Index No. 28918/87, Sup Ct, NY County.)
Both defendants’ claims arise out of the refinancing of a purchase-money mortgage given in 1984 by Hudson to Squire when Squire sold Hudson property upon which there were several existing mortgages. The purchase-money note and mortgage "wrapped around” the existing mortgages. At the time of the sale, Squire elected to pay the gains tax imposed by article 31-B of the New York State Tax Law in installments.
In 1987, when Hudson prepaid the purchase-money note, the entire amount of gains tax became due. However, because Squire disputed the tax assessment, a balance of $385,726.07, the defendants agreed that payment would be deferred on condition that Squire put $420,000 into an escrow account held by Hudson’s attorney. The escrow agreement provided in pertinent part:
"1. Squire is depositing with the Escrow Agent the sum of Four Hundred Twenty Thousand ($420,000) Dollars (the 'Escrow Funds’), which the Escrow Agent will invest in U. S. Treasury Bills or will deposit in an interest-bearing account at Irving Trust Company, Marine Midland Bank, N.A. or any other comparable banking institution.
"2. At such time as Squire delivers to Hudson and the Escrow Agent satisfactory proof that the entire balance of the Gains Tax (including interest and penalties) has been paid and that the Tax Department has no further claim for the Gains Tax against Squire or Hudson, the Escrow Agent will deliver to Squire the Escrow Funds, together with all interest earned thereon * * *
"4. Squire and Hudson acknowledge that the Escrow Agent is acting solely as a stakeholder at their request and for their convenience, that Escrow Agent shall not be liable to either *55 for any action or omission on its part unless taken or suffered in bad faith, in willful disregard of this Agreement or involving gross negligence.”
The escrow fund was accordingly deposited in an interest-bearing account, and totaled $423,817.40 on October 22, 1987 when Squire instructed the escrow agent to pay $240,326.98 to the New York State Department of Taxation and demanded that it be paid the balance of the fund. Plaintiff paid the tax but refused to pay the balance to Squire notifying it that Hudson had asserted a claim to the balance.
Hudson’s claim also arose at the prepayment closing. At that time the balances in three local tax escrow funds maintained by the underlying mortgagees with money deposited by Hudson totaled $186,295.19. When the underlying mortgages were paid, Hudson was entitled to that money. (Eightway Corp. v Dime Sav. Bank, 99 MisC 2d 989 [App Term, 2d Dept 1979].)
However, the local tax escrow balances were credited to the mortgage debt without an equivalent credit to Hudson. Thus the amount owed to the underlying mortgagees by Squire was decreased and Squire received $186,295.19 to which Hudson was entitled. Shortly after the closing, Hudson realized the error and requested payment which request was denied.
Squire argues first that Hudson’s claim for the amount of the local tax escrow funds is spurious because the mistaken payment was Hudson’s fault and, inexplicably, because Hudson received an agreed-upon discount for prepayment of the purchase-money wrap-around mortgage.
In Eightway Corp. (supra), an almost identical situation was resolved. Upon transfer of mortgaged property, inadvertently, at the closing, no adjustment was made for real estate tax fund held by the mortgage holding bank.
The bank paid taxes owed by the new owner of the property with the funds of the old owner. The court held that the new owner, Ponte, "was unjustly enriched by the afore-mentioned payment of real estate taxes which the bank made subsequent to the subject premises being transferred to Ponte. Accordingly, Ponte must make restitution to the plaintiff as directed by the court below”. (99 MisC 2d, at 990, supra.) The distinction which Squire sees between Eightway (supra) and this case is without substance. Accordingly, Hudson’s claim obviously has merit.
Squire’s second argument is that the interpleader action "is *56 an abuse of the interpleader process and a perversion of justice” because Hudson’s claim is unrelated to the gains tax for which the escrow fund was established.
However, the interpleader statute specifically abolishes the earlier limitations to its use for ’’ ’The same thing, debt or duty’ ” for which ” ’[a]ll their adverse titles or claims must be dependent, or be derived from a common source’ ”. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1006:5, at 7.) CPLR 1006 (d) so provides: "(d) Abolition of former grounds for objection. It is not ground for objection to interpleader that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the stakeholder avers that he is not liable in whole or in part to any or all of the claimants.”
The language of subdivision (d) is clear. There is apparently no case law which narrows its application to exclude escrow agents. No case cited by Squire was brought pursuant to the interpleader statute which concerned adverse unrelated claims.
For the above-stated reasons, Squire’s motion for summary judgment is denied; plaintiffs cross motion for an order permitting it to deposit the fund with court and upon making such deposit, discharging it from liability pursuant to CPLR 1006 (f) is granted; and the cross motion of Hudson/Windsor Associates is granted only to the extent that this action is consolidated with Hudson/Windsor Assocs. v Squire Vil. Assocs. (index No. 28918/87, Sup Ct, NY County).
The request to disqualify Squire’s attorneys is denied without prejudice to its renewal in the consolidated action.