ABSTON v AETNA CASUALTY & SURETY COMPANY

Docket No. 66383. Submitted June 27, 1983, at Detroit.—Decided December 6, 1983.

Plaintiff, Gersena Abston, was injured in an automobile accident while an occupant of a vehicle driven by defendant Charles B. Kee. Abston's medical expenses, which amounted to $45,424.02, were paid by intervenor Department of Social Services through the Medicaid program. Plaintiff then sought no-fault insurance coverage. Because she was uninsured and no other automobile insurance policy appeared to provide coverage, plaintiff submitted an application to the assigned claims facility. On November 9, 1981, plaintiff was notified that her benefit claim had been assigned to Aetna Casualty & Surety Company. On December 1, 1981, plaintiff filed a complaint in the Wayne Circuit Court against Aetna and Charles Kee, seeking recovery of medical expenses which had "not been reimbursed to her by the assigned insurance carrier defendant Aetna", and attorney fees. Aetna filed a third-party claim against Kee and John Doe Insurance Company. Aetna refused to pay these expenses until it received proper documentation. Plaintiff thereupon subpoenaed the medical records from DSS. DSS sent a letter dated January 14, 1982, to plaintiff's attorney, informing him of the following: 1) that the DSS had paid his client's medical bills; 2) that the DSS was statutorily subrogated to any right his client had against any third party for recovery of these expenses; 3) that his client was obligated to inform the DSS of any action to recover medical expenses; 4) that the DSS was empowered to initiate or intervene in any such action; and 5) that he had no authority to seek attorney fees out of the recovery of such expense. On March 25, 1982, plaintiff filed a motion for partial summary judgment, seeking the same medical expenses previ-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Costs §§ 1, 3, 72 et seq.
    Validity of statute allowing attorneys' fee to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.
[2] 20 Am Jur 2d, Costs §§ 84-86.
    Attorneys' fees in class actions. 38 ALR3d 1384.

ously paid by the DSS. The DSS intervened on April 12, 1982, through the office of the Attorney General. The court, Theodore R. Bohn, J., granted a judgment in favor of DSS against Aetna. Plaintiff's attorney was awarded one-third of the recovery as an attorney fee. The Attorney General and the Department of Social Services appealed. *Held:*

The court had jurisdiction to make an attorney fee award. The allowance of attorney fees, under the "equitable fund" or "common fund" doctrine, may be made either to the plaintiff or to the attorneys themselves, without application by their immediate client, where the plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself. However, the common fund doctrine does not apply. Plaintiff had a statutory duty to notify DSS when the action was commenced. When it did finally receive notice, it informed plaintiff's attorney that his services were not required.

Reversed as to the award of attorney fees.

1. COSTS — DAMAGES — ATTORNEY FEES.

Generally, courts will not allow recovery of attorneys' fees, either as an element of the costs of the suit or as an item of damages, unless allowance of a fee is expressly authorized by statute or court rule.

2. COSTS — ATTORNEY FEES — COMMON FUND.

The allowance of attorney fees, under the "equitable fund" or "common fund" doctrine, may be made either to the plaintiff or to the attorneys themselves, without application by their immediate client, where the plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself; to allow the others to obtain full benefits from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *James D. Clarke,* Assistants Attorney General, for intervenors-appellants.

Before: Cynar, P.J., and Hood and R. J. Jason,*
JJ.

Per Curiam. Intervenors, as subrogees of plaintiff Gersena Abston, were awarded a judgment of $45,424 against defendant Aetna Casualty and Surety Company. Intervenors appeal as of right from that part of the judgment awarding one-third of their recovery to plaintiff's attorney as attorney fees.

On March 21, 1981, Abston was injured in an automobile accident while an occupant of a vehicle driven by third-party defendant Charles Kee. Abston's medical expenses, which amounted to $45,424.02, were paid by intervenor Department of Social Services through the Medicaid program. Plaintiff then sought no-fault insurance coverage; because she was uninsured and no other automobile insurance policy appeared to provide coverage, plaintiff submitted an application to the assigned claims facility.[1] On November 9, 1981, plaintiff was notified that her benefit claim had been assigned to Aetna.

On December 1, 1981, plaintiff filed a complaint against Aetna and Charles Kee, seeking recovery of medical expenses which had "not been reimbursed to her by the assigned insurance carrier defendant Aetna", and attorney fees. Aetna refused to pay these expenses until it received proper documentation. Plaintiff thereupon subpoenaed the medical records from intervenor Department of Social Services (DSS).

Once on notice of plaintiff's suit, the DSS fired off two letters, both dated January 14, 1982. One letter informed Aetna that the medical expenses

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] See MCL 500.3171 et seq.; MSA 24.13171 et seq.

incurred by plaintiff had been paid by the state, and demanded reimbursement directly to the DSS. A second letter was addressed to plaintiff's attorney, and informed him of the following: 1) that the DSS had paid his client's medical bills; 2) that the DSS was statutorily subrogated to any right his client had against any third party for recovery of these expenses; 3) that his client was obligated to inform the DSS of any action to recover medical expenses; 4) that the DSS was empowered to initiate or intervene in any such action; 5) that he had no authority to seek attorney fees out of the recovery of such expenses; and 6) that any information in his possession with respect to third-party liability would be appreciated.

On March 16, 1982, Aetna informed the DSS that it intended to effect reimbursement as soon as the medical records had been reviewed. In this letter an Aetna claims officer indicated:

"I've been experiencing some difficulty in obtaining complete hospital records and medical reports from the claimant's attorney. I have, on several occasions, requested an Authorization for Release of Medical Information from him with no response."

\* \* \*

"It is my understanding that you have a Release signed by Ms. Abston that you will be sending to me. Once it is received, I will promptly request the needed records and pay the outstanding balance directly to Medicaid."

On March 25, 1982, plaintiff filed a motion for partial summary judgment, seeking the same medical expenses previously paid by the DSS. This put Aetna in an uncomfortable position. On April 5, 1982, Aetna telephoned the DSS asking that it exercise its right to intervene; Aetna explained

that plaintiff was pressing its competing claim for the funds, and Aetna wished to avoid the possibility of multiple liability. The DSS intervened on April 12, 1982, through the office of the Attorney General.[2]

In deciding plaintiff's summary judgment motion, the trial court concluded that the DSS was entitled to recovery from Aetna under the subrogation provision of MCL 400.106; MSA 16.490(16). It further found that this recovery should be reduced to the extent of services rendered by plaintiff's counsel, since the state had "benefited from the diligence and efforts of plaintiff". Plaintiff's attorney was awarded one-third of the recovery as an attorney fee.

Intervenors first argue that the trial court lacked subject matter jurisdiction in making the attorney fee award, since the Court of Claims has exclusive jurisdiction over claims against the state. MCL 600.6419; MSA 27A.6419; *Grunow v Sanders,* 84 Mich App 578, 581; 269 NW2d 683 (1978), *lv den* 405 Mich 835 (1979). This is not an action against the state. Here plaintiff sued a nongovernmental agency, and the DSS intervened as subrogee of the plaintiff. *Cf. Williams v Shin,* 111 Mich App 84; 314 NW2d 529 (1981), where the state was added as a third-party defendant.

The more meritorious question raised by intervenors is whether the court erred in subjecting their recovery to plaintiff's claim for attorney fees. We agree with intervenors that the award of attorney fees was erroneous, and reverse that part of the trial court's judgment.

The general rule in Michigan prohibits an award of attorney fees as an element of costs or damages absent express authorization by statute

---

[2] See MCL 14.28, 14.101; MSA 3.181, 3.211.

or court rule. *H & L Heating Co v Bryn Mawr Apartments of Ypsilanti, Ltd,* 97 Mich App 496, 506; 296 NW2d 354 (1980); *Birou v Thompson-Brown Co,* 67 Mich App 502, 515; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976). Among the recognized exceptions to this rule is the award of attorney fees to a party who has created or protected a common fund for the benefit of others as well as himself. *In the Matter of Attorney Fees of Kelman, Loria,* 406 Mich 497; 280 NW2d 457 (1979). This "common fund" exception is based upon equitable principles:

"To allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense." *Kelman, supra,* p 503, citing *Mills v Electric Auto-Lite Co,* 396 US 375, 391-392; 90 S Ct 616; 24 L Ed 2d 593 (1970).

Although this exception usually involves a class of beneficiaries, it has been applied where a common fund is created by a subrogor, to the subrogee's benefit. *Foremost Life Ins Co v Waters (On Remand),* 125 Mich App 799; 337 NW2d 29 (1983); *Montefusco Excavating v County of Middlesex,* 82 NJ 519; 414 A2d 961 (1980); Anno: *Right of attorney for holder of property insurance to fee out of insurer's share of recovery from tortfeasor,* 2 ALR3d 1441, 1441-1442, § 1(a). Under MCL 400.106; MSA 16.490(16), intervenor DSS was subrogated to any right of recovery enjoyed by plaintiff to the extent of funds expended by the state for plaintiff's medical care. *Hartman v Ins Co of North America,* 106 Mich App 731, 744-745; 308 NW2d 625 (1981), *lv den* 414 Mich 890 (1982).

Other states have applied the equitable common fund principle to situations where, as here, a

statutory right of subrogation exists in the state, holding that the state is obliged to pay its prorata share of attorney fees incurred by a welfare recipient in obtaining a recovery against a third person. *Shearer v Moore,* 277 Pa Super 70; 419 A2d 665 (1980); *Moss v Glynn,* 66 Ill App 3d 221; 383 NE2d 275 (1978); *Hedgebeth v Medford,* 74 NJ 360; 378 A2d 226 (1977).[3]

Plaintiff's attorney is not entitled to recover attorney fees in this case. MCL 400.106; MSA 16.490(16) provides that a Medicaid claimant who initiates an action against a third party "shall notify the department of the action or proceeding entered into upon commencement of the action or proceeding". No such notice was given the DSS, which did not learn of plaintiff's suit against Aetna until served with a subpoena for medical records. When the DSS was placed on notice, it asserted its claim against Aetna and notified plaintiff's attorney that his assistance was not required.

Thus, this is not a case where "despite a clear right to proceed in its own right against the tortfeasor, the [state] refrains from acting * * *", a situation where the equities favor the subrogor's attorney. *Shearer, supra,* p 76; *Tennessee Farmers Mutual Ins Co v Pritchett,* 54 Tenn App 410; 391 SW2d 671 (1964). See also *Foremost Life Ins Co, supra,* p 805, fn 2. Here the state acted as soon as it received the notice it was statutorily entitled to. Informed in no uncertain terms that his assistance was not required, plaintiff's attorney assumed the status of a volunteer. Thus, any "enrichment"

---

[3] *United States v Nation,* 299 F Supp 266 (ND Okla, 1969), cited by intervenors, is distinguishable. There the government sought reimbursement under the Medical Care Recovery Act, 42 USC 2651-2653. This right of reimbursement was a "separate and independent statutorily created right and [did] not rest on subrogation". *Nation, supra,* p 267.

enjoyed by the state as a product of his services was not unjust.

Plaintiff's attorney argues that, as a matter of public policy, private attorneys should be allowed to handle the state's subrogation cases because the attorney general's office is understaffed. However, the state's claim as subrogee to a Medicaid benefits claimant against the assigned claims facility may be resolved by a simple application for benefits. 28 OAG 1981-1982, No 5845, p 25.

The award of attorney fees is reversed.