PRUDENTIAL–BACHE SECURITIES, INC., Plaintiff/Stakeholder,

v.

Arthur P. TRANAKOS, individually; Arthur P. Tranakos as Executor under the Will of Peter A. Tranakos; Arthur P. Tranakos, Trustee with Robert B. Paxton for the benefit of Robert Boyd Paxton, Jr.; Arthur P. Tranakos, Trustee with Robert B. Paxton for the benefit of Cynthia Lynn Paxton; Arthur P. Tranakos, Trustee with Robert B. Paxton for the benefit of Debra Leigh Paxton; Third National Bank In Nashville; and United States of America, Defendants/Claimants.

Civ. A. C83–0442A.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 21, 1984.

Charles M. Dalziel, Jr., Thomas Harney, Kilpatrick & Cody, Atlanta, Ga., for plaintiff/stakeholder.

Stephen K. Rush, Farris, Warfield & Kanaday, Nashville, Tenn., for defendant/claimant Nat. Bank in Nashville.

Arthur P. Tranakos, Atlanta, Ga., for defendants/claimants Arthur P. Tranakos individually, as executor under the will of

Peter A. Tranakos, trustee with Robert B. Paxton.

Mary E. Mann, Porter, Davis, Saunders & Churchill, Atlanta, Ga., for defendant/claimant Third Nat. Bank of Nashville.

Barbara V. Tinsley, Asst. U.S. Atty., Lenore Distefano, Atty. Tax Div., Dept. of Justice, Washington, D.C., for U.S.A.

## ORDER

ROBERT H. HALL, District Judge.

Presently pending in this action is plaintiff/Stakeholder's motion for an order awarding attorneys' fees (of $7,201.00) and costs (of $341.45) to plaintiff/stakeholder, a motion not affected by the dismissal of this action on June 21, 1984. Jurisdiction exists pursuant to 28 U.S.C. § 1335 (interpleader statute), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1346 (United States as a defendant).

**FACTS**

The facts material to the motion before the court, albeit lengthy, are set forth as follows:

Bache Group, Inc., the parent of plaintiff Prudential-Bache Securities, Inc. ("Pru-Bache"), was served with two notices of levy by the United States Internal Revenue Service on or about June 2, 1982,[1] for taxes allegedly due the IRS from defendant Arthur Tranakos. The objects of the notices were securities held by Bache, Halsey, Stuart, Shield, Inc. ("Bache, Halsey") (the predecessor of Pru-Bache) in accounts under the name of Tranakos in various capacities.

On June 11, 1982, Tranakos filed suit in the District Court for the Northern District of Georgia seeking to enjoin any sale of securities in satisfaction of the levies. *Tranakos v. Bache, Halsey, Stuart, Shield, Inc. and the United States,* No. C82–1228A (Moye, J.). In the Complaint, Tranakos alleged that he was not the beneficial owner of the securities and contended that

---

1. Plaintiff, Tranakos, and the United States disagree on all the dates mentioned in this fact summary; the discrepancies, however, are un-important to the disposition of the motion before the court. The court adopts the dates referenced by plaintiff.

the accounts, therefore, were not subject to the IRS levies.[2] The Complaint was verified with Tranakos' affidavit. After receiving "final demands" on the levies, Bache, Halsey answered Tranakos' Complaint and filed a counterclaim for interpleader. The United States filed a motion to dismiss the entire case for improper venue, which was granted on or about January 11, 1983. Bache, Halsey did not request an award of attorneys' fees and costs at that time.

After the dismissal of Tranakos' suit, Tranakos, the IRS, and a creditor of Tranakos (the Third National Bank of Nashville) threatened Bache, Halsey with liability if it did not fulfill their demands with respect to the accounts. (The Third National Bank of Nashville had demanded that Bache, Halsey deliver certain securities in the accounts in question pursuant to a pledge agreement between it and Tranakos.)

Two more "final demands" were issued by the IRS to Bache, Halsey (which at this point had become Pru-Bache) on February 22, 1983, demanding compliance with the notices of levy. Pru-Bache filed this interpleader action on March 4, 1983, in the face of Tranakos' refusal to consent to Pru-Bache's compliance with the notices and the demands of the Third National Bank of Nashville. The action was dismissed as to the Third National Bank of Nashville on December 19, 1983, after the bank withdrew its demands (upon receiving payment on the loan secured by the agreement pledging the securities held by Pru-Bache).

The United States ultimately determined that Tranakos did not hold an interest in the subject accounts in his individual capacity and on April 20, 1984, released the levies. This action left only Tranakos claiming an interest in the accounts so the parties stipulated to a dismissal of this action and the action was dismissed on June 2, 1982.

Remaining for the court's consideration is the issue of whether Pru-Bache, a disinterested stakeholder, is entitled to recover from the interpleader fund, Tranakos, and/or the United States attorneys' fees and costs incurred in connection with the levy notices served upon it, including the fees and costs incurred in defending Tranakos' 1982 suit and in bringing the original interpleader action as well as the costs incurred in bringing the instant interpleader action.

## DISCUSSION

### A. Fees and Costs Incurred in Bringing the Instant Interpleader Action

█ Because of the protective purpose of the interpleader statute, it is within the sound discretion of the trial judge to award a disinterested stakeholder, such as plaintiff, the attorneys' fees and costs of bringing an interpleader action. *Gulf Oil Corp. v. Olivier*, 412 F.2d 938, 946 (5th Cir.1969); *Aetna Life Insurance Co. v. Harley*, 365 F.Supp. 1210, 1215 (N.D.Ga.1973) (Edenfield, J.). *See also Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980) ("costs and attorney's fees are generally awarded by federal courts to the plaintiff who initiates the interpleader as a mere stakeholder....").

█ Typically, the award, if made, is imposed against the party who has benefited from the interpleader action (and taken out of the interpleader fund); however, in some cases, a court may tax the losing claimant directly when his or her conduct justifies doing so. *See Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 195 (9th Cir.1962); *Clarkson Co. Ltd. v. Shaheen*, 533 F.Supp. 905, 919 (S.D. N.Y.1982); *Chevron Oil Co. v. Clark*, 291 F.Supp. 552, 563 (S.D.Miss.1968); *Metropolitan Life Insurance Co. v. Jordan*, 221 F.Supp. 842, 844 (D.C.N.C.1963).

█ Prior to the Equal Access to Justice Act, 28 U.S.C. § 2412, the doctrine of sovereign immunity prevented the courts from awarding a stakeholder's fees and costs against the United States. However, with

**2.** Tranakos held the accounts as a fiduciary for ten beneficiaries. Four of the five accounts' labels reflected this status; the status of the fifth was clarified by sworn affidavit attached to the Complaint.

the adoption of the Equal Access to Justice Act (as amended), the United States became subject to having a fees and costs award taxed directly against it in interpleader actions. *See, e.g., Cable Atlanta, Inc. v. Project, Inc.*, 572 F.Supp. 1113, 1115–16 (N.D.Ga.1983) (Forrester, J.); *J.A. Jones Construction Co. v. Southern Press Wire Corp.*, 575 F.Supp. 365, 369 (N.D.Ga. 1982) (Freeman, J.).

■ The United States is also now subject to bearing a fees and costs award under 26 U.S.C. § 7430, which was added to the Internal Revenue Code in 1982 and became effective February 28, 1983. That section provides in pertinent part that:

> In the case of any civil proceeding which is—
>
> (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and
>
> (2) brought in a court of the United States (including the Tax Court),
>
> the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

26 U.S.C. § 7430(a). A prevailing party is defined as:

> any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—
>
> (i) establishes that the position of the United States in the civil proceeding was unreasonable, and
>
> (ii) (I) has substantially prevailed with respect to the amount in controversy, or
>
>    (II) has substantially prevailed with respect to the most significant issue or set of issues presented.

26 U.S.C. § 7430(c)(2)(A). The term "litigation costs" includes reasonable court costs and reasonable attorneys' fees incurred in connection with the civil proceeding. 26 U.S.C. § 7430(c)(1)(A).

■ Section 7430 supplants the Equal Access to Justice Act for the awarding of

fees and costs in proceedings to which that section applies. 28 U.S.C. § 2412(e). As the instant action was brought on March 4, 1983, after § 7430 became effective, and was an action against the United States "in connection with" the collection of taxes, § 7430 will determine the propriety of awarding plaintiff's fees and costs incurred in bringing this action against the United States [3] in the event the court finds plaintiff entitled to any award.

■ The court first finds that plaintiff should equitably recover these fees and costs as an innocent stakeholder who in good faith invoked the interpleader statute to avoid multiple liability. Plaintiff did not act prematurely in bringing this action nor did it unduly delay in seeking relief such that plaintiff should bear these fees and costs. Although the levy notices were improper and plaintiff may have realized this, plaintiff was in no position to simply continue to refuse to comply with the demands made by the United States. *Compare Aetna Life Insurance Co. v. Harley, supra*, 365 F.Supp. at 1215 (where plaintiff in interpleader action could have determined that one claim on the fund was without merit upon investigation, court refused to award plaintiff fees and costs).

■ Next the court finds that the United States should be taxed with these fees and costs because it is the "losing claimant" in this action and because it acted unreasonably in trying to enforce the notices of levy once it had in its possession evidence which established that Tranakos was not the beneficial owner of the accounts. The United States made no effort to discover evidence to controvert Tranakos' verified complaint or to controvert the evidence supplied by Pru-Bache confirming Tranakos' allegations. The levies were eventually released based on information known to the IRS long before the February, 1983, "final demands" were made and long before the

---

**3.** There is no argument that any of the limitations of § 7430 preclude the awarding of fees

and costs against the United States. *See* 26 U.S.C. § 7430(b).

instant interpleader action was commenced.[4]

 Plaintiff qualifies as a "prevailing party," as that term is defined by § 7430(c)(2)(A), and as such, the court is authorized under § 7430 to tax the United States with plaintiff's fees and costs. Plaintiff was not a creditor of Tranakos; it "established" that the United States position in the interpleader action (i.e. that its notices of levy were proper) was unreasonable in that it initiated the action which established the clear impropriety of the notices; and it "substantially prevailed" with respect to the "most significant issue" of the interpleader action (i.e., which claimant's demands it should fulfill) in that it avoided multiple liability.

The court declines to apportion the fees and costs between the United States and Tranakos or take part of the fees and costs from the interpleader fund (the securities in the accounts over which Tranakos has a fiduciary responsibility) in light of the conduct of the United States. The court is influenced by the fact that Tranakos, on behalf of the beneficial owners of the interpleader property, did not act unreasonably or in bad faith in challenging the notices of levy (as evidenced by the United States' ultimate voluntary release of the levies).

**B.** *Other Fees and Costs Incurred*

The court DENIES plaintiff's request for fees and costs to the extent it concerns the fees and costs not incurred in bringing the instant interpleader action. The court declines to award fees and costs associated with another proceeding; plaintiff should have sought an award of fees and costs at the close of the 1982 case rather than present such a request more than a year later.[5]

**4.** The court does not suggest that the United States acted unreasonably in initially pursuing the subject accounts, only that it did not review the relevant documents within a reasonable time after Tranakos' objections to the notices were presented to it.

## CONCLUSION

In sum, the court PARTIALLY GRANTS and PARTIALLY DENIES plaintiff's motion for an order awarding attorneys' fees and costs. Plaintiff is directed to submit a revised bill of fees and costs in compliance with this Order and in compliance with *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714 (5th Cir.1974) (requiring specificity in submitting bill of fees); when that bill is submitted, the clerk is directed to tax these fees and costs to the United States.[6]

**5.** The court rejects plaintiff's suggestion that the 1982 suit and interpleader complaint were a part of the instant proceeding.

**6.** If the United States objects to plaintiff's revised bill of fees and costs, it, of course, may file a standard objection to the taxation of the fees and costs.