AMERISURE INSURANCE COMPANY v FOLTS

Docket No. 110193. Submitted October 2, 1989, at Lansing. Decided November 21, 1989.

Timothy A. Folts sustained a spinal cord injury as a result of an automobile accident. The Department of Social Services, through the Medicaid and crippled children programs, expended $33,218.99 for Folts' benefit. Folts filed a claim for no-fault personal injury protection benefits with Amerisure Insurance Company, which in turn brought an action in the Isabella Circuit Court for declaratory relief against Folts' claim. Folts filed a separate action in the Saginaw Circuit Court against Amerisure. The actions were consolidated for jury trial in the Isabella Circuit Court. The trial court, Paul F. O'Connell, J., allowed the Attorney General and the Department of Social Services to intervene in the action pursuant to the state's subrogation rights under MCL 400.106; MSA 16.490(16) and an assignment executed by Folts in the state's favor. The jury returned a verdict which awarded Folts the benefits he sought. Folts filed a motion seeking to compel the intervenors to pay a share of the costs and attorney fees he incurred in the litigation of his claim with Amerisure. The court denied the motion. Folts appealed.

The Court of Appeals *held:*

Generally, attorney fees may not be awarded unless authorized by statute or court rule. Among the recognized exceptions to this general rule is the award of attorney fees to a party who alone has borne the expense of litigation which has created or protected a common fund for the benefit of others as well as himself. This exception has been applied to the situation where a common fund is created by a subrogor to the subrogee's benefit. Here, however, because Folts failed to notify the Department of Social Services of his action against Amerisure as required under MCL 400.106; MSA 16.490(16), Folts cannot

REFERENCES

Am Jur 2d, Attorneys at Law § 240.
See the Index to Annotations under Attorneys' Fees; Intervention; No-Fault Insurance; Medicaid.

properly claim that the state should pay a share of his costs and attorney fees pursuant to the "common fund" doctrine.
   Affirmed.

COSTS — ATTORNEY FEES.

   Generally, attorney fees may not be awarded unless authorized by statute or court rule; one exception to this general rule is the award of attorney fees to a party who alone has borne the expenses of litigation which has created or protected a common fund for the benefit of others as well as himself.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donald S. McGehee,* Assistant Attorney General, for the Attorney General and the Department of Social Services.

*Mossner, Majoros & Alexander, P.C.* (by *William S. Pearson*), for Timothy A. Folts.

Before: HOOD, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. Defendant Timothy A. Folts appeals as of right from the order of the Isabella Circuit Court denying his motion to compel payment of a proportionate share of costs and attorney fees by the Department of Social Services. We affirm.

This matter arose from defendant's claim for no-fault benefits after he sustained a spinal cord injury in an August 14, 1984, automobile accident. As a result of the injuries sustained by defendant, the Department of Social Services incurred expenditures on defendant's behalf through the Medicaid and crippled children programs in the amount of $33,218.29.

On July 9, 1985, plaintiff Amerisure Insurance Company filed a declaratory relief action in Isabella Circuit Court after defendant Folts claimed no-fault personal injury protection (PIP) benefits. Defendant filed a separate action in Saginaw Cir-

cuit Court on July 17, 1985. The actions were consolidated and tried in Isabella Circuit Court.

On December 17, 1985, defendant's lawyers contacted the Department of Public Health's Division of Services to Crippled Children requesting copies of all bills which had been paid on defendant's behalf so that these could be claimed as damages at the time of trial. The division responded with information as requested on January 29, 1986, and again on February 3, 1986.

On April 16, 1987, the Department of Social Services notified defendant it was asserting a subrogation claim pursuant to statute. Defendant states this was the first indication he had that the Department of Social Services was involved in this matter. On April 30, 1987, defendant executed the "Medicaid Assignment of Benefits" and completed the "Injury Information Request" and returned these items to the Department of Social Services along with a cover letter apprising the department of the nature and present status of the action as well as informing it of the June 8, 1987, trial date.

On May 28, 1987, a motion to intervene was filed on behalf of the Attorney General and the Department of Social Services. The trial court granted the motion to intervene on the morning of June 8, 1987, prior to the commencement of the trial. After submitting affidavits and a list of expenditures as exhibits, Mr. McGehee, the assistant attorney general appearing on behalf of the intervenors, left the courthouse and did not participate in the conduct of the trial in any way. The only issue presented at trial was whether defendant Folts was domiciled in his father's household at the time of the accident in North Dakota.

On June 9, 1987, defendant contacted Mr. McGehee and informed him of the verdict in favor of defendant Folts and requested an agreement as to

the sharing of costs and fees. Mr. McGehee informed defendant that the sharing of costs and fees would not be possible. Defendant filed his motion to compel payment on July 28, 1987, and the circuit court denied the motion by opinion and order dated June 28, 1988.

Defendant claims that he is entitled to recover a proportionate share of costs and attorney fees based on services performed by his attorneys to create a common fund of no-fault PIP benefits which were used to reimburse the Department of Social Services for expenditures made on behalf of defendant. Defendant, relying on a federal district court case, *Wilcox v Sherwood Medical Co, Inc, Argyle Div,* 639 F Supp 881 (WD Mich, 1986), argues that application of the equitable "common fund" doctrine is necessary to prevent the department from becoming unjustly enriched at defendant's expense. We disagree.

As often noted, the general rule in Michigan is that attorney fees may not be awarded unless authorized by statute or court rule. See, e.g., *Foremost Life Ins Co v Waters (On Remand),* 125 Mich App 799, 805; 337 NW2d 29 (1983). Among the recognized exceptions to this rule is the award of attorney fees to a party who alone has borne the expense of litigation which has created or protected a common fund for the benefit of others as well as himself. *In re Attorney Fees of Kelman, Loria, Downing, Schneider & Simpson,* 406 Mich 497, 503-504; 280 NW2d 457 (1979); *Foremost, supra.* This exception has been applied to the situation where a common fund is created by a subrogor to the subrogee's benefit. *Foremost, supra.*

While *Wilcox, supra,* presents the same issue as here, and a similar procedural history, we feel that the district court in that case either overlooked or

was not presented with an issue concerning the express statutory language which sets forth the required notice to the department which the defendant at bar failed to provide. MCL 400.106; MSA 16.490(16), which subrogates the Department of Social Services to any right of recovery enjoyed by a party to the extent of funds expended by the state for the party's medical care, states in pertinent part:

> The injured, diseased, or disabled person may proceed in his or her own name, collecting the costs without the necessity of joining the state department or the state as a named party. The injured, diseased, or disabled person shall notify the state department of the action or proceeding entered into upon commencement of the action or proceeding.

Defendant Folts failed to give the required notice and is thus precluded from arguing that the state did nothing on its own behalf to gain reimbursement for its expenditures. The lack of notice to the department, relegating it to the status of a pro forma intervenor, works against defendant's equity claim as it makes it difficult, if not impossible, to determine the extent of involvement the state might have had if it had been given adequate notice pursuant to the statute. Moreover, we note that, by statute and by the assignment executed by defendant, defendant was never entitled to recover for the medical expenditures incurred by the department. Thus, the trial court's denial of defendant's motion to compel payment of a proportionate share of costs and attorney fees was proper. See also *Abston v Aetna Casualty & Surety Co,* 131 Mich App 26; 346 NW2d 63 (1983).

Affirmed.