(May 13, 1993)

■ FISCHBEIN, BADILLO, WAGNER, Respondent, v TOVA REALTY Co., Appellant, and WALLMAN MANAGEMENT COMPANY, Respondent. [597 NYS2d 676] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about October 31, 1991, which, *inter alia,* granted plaintiff's motion to deposit the escrow fund of $86,463.92 here at issue into court and to be discharged as escrowee, and to be awarded reasonable attorneys' fees against defendant Tova Realty Co. in an amount to be determined by a Special Referee, and which granted defendant Wallman Management Company's motion for summary judgment on its first, second, third and fourth cross-claims against Tova to the extent of holding Tova liable for money owed to Wallman with that amount referred to a Special Referee to hear and report, unanimously modified, on the law and in the exercise of discretion, without costs, to provide with respect to the fifth decretal paragraph that attorneys' fees are to be awarded against Tova and Wallman equally, to strike the seventh and eighth decretal paragraphs, to dismiss the cross-claims of Tova and Wallman against each other in favor of a resolution in a plenary action which had been commenced, and as so modified, affirmed. Motion (M-84/ 1993) by Wallman to strike Tova's reply brief is denied, without costs.

Plaintiff Fischbein, Badillo, Wagner (hereafter for brevity, "FBW") is a law firm which, under a cooperative conversion plan for an apartment building located in Elmhurst, New York, was the designated escrow agent for trust funds deposited by purchasers of the apartments. The sponsor of the plan is defendant Tova Realty Associates (sued as Tova Realty Co.). Defendant Wallman Management Company, made up of two brothers-in-law, Jules Hoffman and Lee Wallach, provides services, including financial assistance, to various real estate partnerships, one of which is Tova. Tova consists of three of Jules' children and Lee's stepsister.

In connection with the conversion of the apartment building owned by Tova, Wallman advanced funds to Tova. In April 1990, after the conversion plan had been approved by the

Attorney-General, Tova's partners signed a letter acknowledging a debt owed to Wallman (although the amount of the debt is not indicated) and agreed that all of the "net proceeds from the upcoming sale of cooperative units" at the building "shall be used solely to pay down the debt owed". In August 1990, Tova discharged Wallman as the selling and managing agent of the building for reasons which are in dispute. In early October, Tova requested FBW to transfer the escrow account, which had more than $86,000 in it representing monies collected for the purchase of apartments, to Tova's new counsel, the firm of Edwards & Angell. Although FBW drew a check for $86,463.92 to Edwards & Angell together with a ledger sheet setting forth all transactions relating to the account, FBW, on the next day, informed Tova's new attorneys that Wallman had asserted a claim against the fund and therefore it was stopping payment on the check.

FBW then commenced this interpleader action against Tova and Wallman, in which Tova interposed four counterclaims against FBW and two cross-claims against Wallman, and in which Wallman asserted a counterclaim against FBW seeking release to it of all the deposits in the escrow account to the extent that they may be released from escrow and asserted four cross-claims against Tova in which it seeks to recover the prior indebtedness as evidenced by the April 1990 letter agreement. Tova moved for partial summary judgment on its first counterclaim and cross-claim which, in effect, seek an order to transfer the money held in escrow to the new attorneys, premised on the claim that Wallman has no right to the proceeds of the escrow fund which under General Business Law § 352-h remains the property of the prospective purchasers until a closing occurs or the purchasers default.

FBW cross-moved for an order discharging it as stakeholder and awarding it counsel fees in connection with the interpleader action, and Wallman moved for summary judgment on its cross-claims that Tova was indebted to it in the sum of $1.3 million. While the IAS Court acknowledged another action in which Wallman is seeking recovery against Tova for the sums demanded in this interpleader action, the court nevertheless granted partial summary judgment to Wallman on the issue of liability of a prior indebtedness and directed a hearing to determine the amount thereof. Additionally, the IAS Court granted FBW's motion to be discharged as stakeholder and to deposit the sum of $86,463.92 into court, discharged FBW and awarded reasonable attorneys' fees solely against Tova.

We agree with Tova's argument that the interpleader action was not the appropriate avenue for determination of many of the issues, especially since the escrow account which brings the parties before the court in this interpleader action has not been shown to belong to either of the two defendants at this juncture. Tova argues that FBW brought this interpleader action improperly because the law firm favors the Wallach side of the family. Indeed, Tova contends that the money held in escrow was not transferred to the new attorneys in order to favor Wallman in this dispute, and to help honor Wallman's claim against the escrow funds. Additionally, Tova points out that a separate plenary action was commenced by Tova against Lee Wallach and Wallman Management four days prior to this interpleader action, in which Wallman has asserted counterclaims to recover the indebtedness allegedly owed to it by Tova, and that therefore the issue should not be decided in this interpleader action. Tova's claim in this regard has merit.

While Tova complains that interpleader should not have been brought by FBW in the first place, because Wallman had no legitimate claim against the escrow fund based on Wallman's claim of an indebtedness to it from Tova (since the monies were not Tova's, but rather that of contract vendees of various apartments in the building), we conclude that FBW took the safe and appropriate course by bringing this interpleader action. This is especially so since Tova did not file an amendment to the offering plan designating a new escrowee (the Edwards & Angell law firm). CPLR 1006 (a) defines a stakeholder as a person who may be exposed to multiple liability as the result of adverse claims. The claims of Tova and Wallman to the escrow fund were thus sufficient to permit FBW to implead the parties asserting interests in the fund.

The problem with the interpleader action, however, arises from the cross-claims and counterclaims brought by the defendants. The escrow fund itself represents deposits of contract vendees or the actual payment for shares, and it is not clear which monies, if any, would belong to Tova. Under such circumstances, it was not improvident to deposit the money in court and allow the vying factions to litigate the right thereto (see, *Newman Tannenbaum Helpern Syracuse & Hirschtritt v Squire Vil. Assocs.*, 139 Misc 2d 53). Thus, the IAS Court did not err in allowing the interpleader action to be maintained and discharging FBW upon deposit of the money into court.

However, while the court has discretion to award expenses,

costs and disbursements "as may be just" to the stakeholder upon discharge (CPLR 1006 [f]), we do not believe attorneys' fees should have been assessed solely against Tova. As noted earlier, FBW originally issued a check to Tova's new attorneys for the escrow deposit at issue here, and then based on Wallman's claim that it had a right to the escrow funds because Tova owed it money, FBW stopped payment on the check and commenced this interpleader action. We note also that FBW is apparently allied with the Wallach side of the family which controls Wallman, and the evidence of indebtedness relied upon by the IAS Court cannot on the present record be conclusively construed as an "assignment" of escrow deposits to which Wallman may be entitled. That there may be other proof in the record that an indebtedness is owed provides no basis to invade this escrow fund to satisfy that indebtedness. Indeed, this interpleader action is not the appropriate avenue to determine that indebtedness.

Accordingly, the award of attorneys' fees to FBW as the discharged stakeholder should be imposed equally against Tova and Wallman, neither of which at this time has shown a clear right to the escrow funds. The ultimate resolution as to the funds deposited in court should await the resolution of claims by Tova and Wallman and any other interested parties. Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.