■ MYUNG SUK KOH et al., Plaintiffs, v TAPPAN PROPERTY, INC., Appellant, and JONATHAN L. ROSNER, Respondent. [679 NYS2d 416] —In an interpleader action pursuant to CPLR 1006, the defendant Tappan Property, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated November 19, 1997, as directed the Rockland County Commissioner of Finance to deliver to the defendant Jonathan L. Rosner money that the plaintiffs had deposited into court. The appeal brings up for review so much of an order of the same court, dated February 10, 1998, as, upon renewal and reargument, adhered to the original determination (*see,* CPLR 5517 [a] [1]).

Ordered that the appeal from the order dated November 19,

1997, is dismissed, as that order was superseded by the order dated February 10, 1998, made upon renewal and reargument; and it is further,

Ordered that the order dated February 10, 1998, is reversed insofar as reviewed, on the law, the provision of the order dated November 19, 1997, which directed the Rockland County Commissioner of Finance to deliver to the defendant Jonathan L. Rosner the money that the plaintiffs had deposited into court is deleted, and the Rockland County Commissioner of Finance is directed to retain the money deposited into court, until a final resolution of an eviction proceeding brought by the appellant against Tappan Golf Range, Inc., and a determination is made by the Supreme Court, Rockland County, as to who is entitled to the money; and it is further,

Ordered that the appellant is awarded one bill of costs, and the matter is remitted to the Supreme Court, Rockland County, for a new determination as to who is entitled to the money after final resolution of the eviction proceeding.

In 1995 the plaintiffs formed a corporation known as Tappan Golf Range, Inc. (hereinafter Tappan Golf), which leased the golf range from the owner of the property, the appellant Tappan Property, Inc. (hereinafter Tappan Property). Pursuant to the terms of the lease, Tappan Property was entitled to "all rents, issues and profits of the Premises" in the event of a default. On August 1, 1998, Tappan Property served a notice to cure upon Tappan Golf, claiming that Tappan Golf owed it $79,018 pursuant to the terms of the lease.

By order dated August 14, 1996, the United States District Court for the Southern District of New York, in a case involving another of Tappan Golf's failed business ventures, directed the plaintiffs to "disgorge and turn over all right, title and interest in and to all the shares of [Tappan Golf], its Lease * * * and all real and personal property used in connection therewith" to a court-appointed receiver, the defendant respondent Jonathan L. Rosner, "conditioned upon" his "obtaining lawful possession or [sic] premises * * * on or before October 31, 1996".

On August 29, 1996, the Town of Orangetown Justice Court issued a warrant of eviction in favor of Tappan Property. The warrant was executed on September 9, 1996. On September 4, 1996, the Orangetown Justice Court issued a final judgment of eviction to Tappan Property. In the interim, Tappan Golf collected about $12,760 in revenue from operating the golf range.

The plaintiffs sought interpleader and deposited that money into court because they were faced with competing claims to

the money. Tappan Property claimed it under the terms of the lease, and the receiver claimed it under the terms of the order of the United States District Court.

In the order appealed from, the Supreme Court (1) granted the plaintiffs' motion to discharge them from liability to the extent of the money paid into court without objection from either Tappan Property or the Receiver, (2) denied Tappan Property's motion for summary judgment, and (3) directed the Rockland County Commissioner of Finance to deliver the disputed funds to the receiver, pending a determination in the United States District Court on his authority and the ultimate disposition of the funds. Tappan Property moved for renewal and reargument and, upon renewal and reargument, the court held that the receiver's entitlement to the funds "turns on the interpretation of the federal court order * * * an issue appropriately left to the federal court".

On appeal, Tappan Property contends that disposition of the funds in the custody of the Rockland County Commissioner of Finance should "abide the event" of further proceedings. We agree.

It is clear that any rights that the receiver may have acquired under the lease were cut off by the eviction. However, the receiver has challenged the validity of the eviction proceeding and his appeal is pending in the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts. Until there is a final determination on the issue of possession of the premises, the disposition of the revenue from the golf range cannot be resolved. Thus, the money that is the subject of the interpleader action should remain in the Supreme Court, Rockland County, until that court can determine the rightful owner (*see, Fischbein, Badillo, Wagner v Tova Realty Co.*, 193 AD2d 442, 445). Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.