TERRA ENERGY, LTD v STATE OF MICHIGAN
J5, INC v STATE OF MICHIGAN

Docket Nos. 214625, 214649. Submitted December 8, 1999, at Lansing. Decided June 6, 2000, at 9:00 A.M. Leave to appeal sought.

Terra Energy, Ltd., and J5, Inc., brought separate interpleader actions in the Montmorency Circuit Court against the state of Michigan, the Department of Natural Resources (hereinafter collectively the state), Stokes Properties, Inc., and others, seeking an order quieting title to certain oil, gas, and mineral leases, injunctive and declaratory relief, and attorney fees and costs. The interpleader actions were brought by the plaintiffs because they were required to pay royalties to the owners of the mineral rights of the lands that the plaintiffs had leased for the purpose of exploring for and developing natural gas resources and a title search revealed a dispute regarding the ownership of those mineral rights. The court, John F. Kowalski, J., entered orders in the respective actions quieting title to the mineral leases in various parties, with most of the titles being quieted in the state. The state then moved for summary disposition with regard to the plaintiffs' request for attorney fees and costs. The court granted the state's motions, held that each plaintiff was entitled to an award of costs and attorney fees, apportioned the liability for attorney fees between Stokes and the state, and ordered the state to pay its share of the costs and attorney fees. The state appealed in each action, raising the question of its liability for attorney fees, and the appeals were consolidated.

The Court of Appeals held:

1. Generally, attorney fees are not recoverable unless expressly allowed by a statute, a court rule, or a common-law exception to that general rule. There is no Michigan statute or court rule that allows an interpleader plaintiff to recover attorney fees. Accordingly, the authority to award attorney fees in an interpleader action, if such authority exists, must rest on a common-law exception to the general rule that attorney fees are not recoverable.

2. The trial court relied on language in *Star Transfer Line v General Exporting Co*, 308 Mich 86 (1944), for its determination that the plaintiffs were entitled, as a matter of law, to attorney fees in the interpleader actions that they brought. In *Star Transfer*, the

plaintiff brought an interpleader action to determine which of the three named defendants was the owner of a certain property that was stored in the plaintiff's warehouse. The trial court in *Star Transfer* determined which of the defendants was the owner of the property, ruled that the ownership interest of the prevailing defendant was subject to a lien in favor of the plaintiff for the attorney fees incurred by the plaintiff in the interpleader action, and held that the other two defendants were personally liable for the attorney fees incurred by the plaintiff in bringing the interpleader action. The Supreme Court affirmed the trial court's determination concerning the ownership of the property and the holding that the property was subject to a lien for the attorney fees and expenses incurred by the plaintiff in bringing the interpleader action. The Court further held that the plaintiff was entitled to a lien on the subject property for the attorney fees and expenses incurred in the appeal, but that the trial court's determination that the other two defendants were personally liable for the attorney fees and expenses was inequitable under the circumstances and must be reversed. ·

3. Although the Supreme Court in *Star Transfer* did not discuss the attorney fee award at length, because the issue of the fees was raised by parties and decided by the Court, *Star Transfer* provides a precedent for awarding attorney fees to a plaintiff in an interpleader action. Thus, judicial support exists for a common-law exception to the general rule precluding attorney fees where the fees are sought by the plaintiff in an interpleader action.

4. The absence of any provision relating to an award of attorney fees in the interpleader court rule, MCR 3.603, does not indicate an intent by the Supreme Court to preclude such awards. Indeed, because it must be presumed that the Supreme Court was aware that it had created a common-law exception by its holding in *Star Transfer*, it must be assumed that if the Supreme Court had wished to disallow the awarding of attorney fees to an interpleader plaintiff, it would have done so in the court rule. Accordingly, the trial court properly found that a common-law exception to the general rule exists that allows the recovery of attorney fees by an interpleader plaintiff.

5. The provision in the leases between the state and the plaintiffs relieving the state, as lessor, from liability for damages resulting from the failure of its title to the oil, gas, and mineral rights included in the lease did not obligate the plaintiffs to defend the state's title or clearly indicate an intent that the plaintiffs were required to bear the burden of the expenses to establish the state's title to the oil, gas, and mineral rights. Accordingly, the lease provi-

sion did not cause the awarding of attorney fees in these interpleader actions to impose an inequitable result on the state, and the trial court did not abuse its discretion in ordering the state to pay a portion of the plaintiffs' attorney fees incurred in bringing these interpleader actions.

Affirmed.

O'CONNELL, J., concurring, stated that although the Supreme Court's disposition of the attorney fee issue in *Star Transfer Line v General Exporting Co*, 308 Mich 86 (1944), created binding precedent for the awarding of attorney fees in interpleader cases, the Supreme Court should amend the court rules to provide that attorney fees are recoverable in interpleader actions.

COSTS — ATTORNEY FEES — INTERPLEADER ACTIONS.

A common-law exception to the general rule that attorney fees are not recoverable as costs exists with respect to attorney fees incurred by a plaintiff in an interpleader action.

*Loomis, Ewert, Parsley, Davis & Gotting* (by *James A. Ault* and *Jeffrey W. Bracken*), for Terra Energy, Ltd.

*Worman & Dixon, P.L.C.* (by *John M. McCabe*), for J5, Inc.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *A. Michael Leffler*, Assistant in Charge, and *Stephen F. Schuesler*, Assistant Attorney General, for State of Michigan and Department of Natural Resources.

Before: DOCTOROFF, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM. In this interpleader action, defendants-appellants, the state of Michigan and the Department of Natural Resources (hereinafter collectively the state), appeal as of right from the trial court's final orders quieting title to certain oil, gas, and mineral leases and ordering the state to pay a portion of plaintiffs' attorney fees. The state contends that the

trial court erred in awarding attorney fees to plaintiffs. We disagree.

Plaintiffs Terra Energy, Ltd., and J5, Inc., are producers of natural gas and oil. Terra and J5 acquired, by lease or assignment of existing leases, the right to explore for and develop natural gas resources in a certain area of Montmorency County. The leases obligated Terra and J5 to pay royalties to the mineral owner. A title review revealed a dispute regarding ownership of the mineral rights. The competing claimants to the mineral rights were defendant the state and defendant Stokes Properties, Inc. (Stokes) and others. Plaintiffs Terra and J5 filed separate interpleader actions to settle the disputes regarding the ownership of the mineral rights. Plaintiffs' interpleader complaints included requests for attorney fees and court costs. Title to the mineral leases was eventually quieted in various parties, but primarily in the state.

Thereafter, the state filed a motion for partial summary disposition pursuant to MCR 2.116(C)(8) and (10) regarding plaintiffs' requests for attorney fees and costs. On the basis of *Star Transfer Line v General Exporting Co*, 308 Mich 86; 13 NW2d 217 (1944), and *GRP, Ltd v United States Aviation Underwriters, Inc*, 70 Mich App 671; 247 NW2d 583 (1976), aff'd 402 Mich 107; 261 NW2d 707 (1978), the trial court granted the state's motion for summary disposition and ordered that Stokes and the state pay plaintiffs' costs and attorney fees. Terra's attorney fees were determined to be $46,275.85 and J5's attorney fees were determined to be $14,207.77. The court ordered that Stokes was liable for $40,177.25 of Terra's attor-

ney fees[1] and that the state was liable for the remaining $6,098.60. With respect to J5's attorney fees, the court ruled that Stokes was responsible for $12,495.12 and that the state was responsible for $1,712.65. The trial court subsequently ruled that Terra and J5 were to collect their attorney fees from the royalty funds being held in escrow and that defendant Stokes was to be liable to the owners of the escrow funds for its portion of the attorney fees. However, because defendant Stokes paid its portion of the attorney fees directly to Terra and J5, only the state's portion of the attorney fees was to be paid from the funds in escrow.

Defendants first argue that the trial court erred in awarding attorney fees to plaintiffs because, as a matter of law, attorney fees cannot be awarded in an interpleader action. We disagree. This issue presents a question of law, which we review de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

Generally, attorney fees are not recoverable unless expressly allowed by statute, court rule, or common-law exception. MCL 600.2405(6); MSA 27A.2405(6); *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). There is no Michigan statute or court rule that allows an interpleader plaintiff to recover attorney fees. The question before us is whether there exists a common-law exception allowing the recovery of attorney fees by interpleader plaintiffs.

---

[1] The trial court apportioned a greater amount of attorney fees to defendant Stokes on the basis of its finding that Stokes did not have a reasonable basis for claiming title to the mineral rights. Defendant Stokes has not filed an appeal challenging its liability for attorney fees.

Plaintiffs rely on *Star Transfer, supra,* and *GRP, supra,* to support their position that such a judicial exception exists. In *Star Transfer,* the plaintiff, which operated a public warehouse, commenced an interpleader action to determine the owner of 799 cases of whiskey stored in its warehouse. *Star Transfer, supra* at 90-91. The defendants Southard & Company Ltd. (Southard), General Exporting Company, and John McKeown each claimed to be the owner of the whiskey. *Id.* at 91. In its interpleader complaint, the plaintiff requested that it be given a lien for the reasonable costs, expenses, and attorney fees associated with the interpleader action. *Id.* at 95. After a trial, the court ruled that the defendant Southard was the owner of the whiskey. *Id.* at 96-97. The Michigan Supreme Court affirmed the trial court's ruling that Southard was the owner of the whiskey and ruled that Southard's ownership was subject to a lien of the plaintiff for the attorney fees incurred with respect to the interpleader action in the trial court and on appeal. *Id.* at 119-120. However, the Court reversed the trial court's decree to the extent that it determined defendants General Exporting and McKeown to be personally liable for the plaintiff's attorney fees, holding that "[u]nder the facts and circumstances, we believe that such provisions of the trial court's decree were inequitable and should be vacated and set aside." *Id.* at 120.

The state contends:

The Court's direction without discussion in *Star Transfer* is not binding precedent for the proposition that plaintiffs in interpleader cases are entitled as a matter of law to actual attorney fees and litigation costs. If that were the case, direction relating to recovery of attorney

fees/litigation costs could have been incorporated in the
court rule relating to interpleader cases.

However, a case is stare decisis on a particular
point of law if the issue was "raised in the action
decided by the court, and its decision made part of
the opinion of the case." 20 Am Jur 2d, Courts, § 153,
p 440. In *Star Transfer*, although the Court did not
discuss the attorney fee award at length, the issue
was raised by the parties, was decided by the Court,
and was included in the opinion. We therefore con-
clude that *Star Transfer* provides a precedent for
awarding attorney fees to an interpleader plaintiff.[2]

In *GRP*, *supra*, the plaintiff brought a declaratory
judgment action to determine its rights with respect
to an insurance contract. The trial court found in
favor of the plaintiff, but denied the plaintiff's request
for an award of the attorney fees and costs incurred
in bringing the declaratory judgment action. *Id.* at
677. The plaintiff filed a cross appeal, arguing that the

---

[2] Federal courts and numerous state courts allow an interpleader plain-
tiff to recover attorney fees. In federal interpleader actions, "[a]ttorney's
fees and costs are to be awarded to an innocent and otherwise disinter-
ested stakeholder who has been required to expend time and money to
participate in a dispute not of his own making and the outcome of which
has no impact upon him." *Sun Life Assurance Co of Canada v Thomas*,
735 F Supp 730, 733 (WD Mich, 1990). Typically, the award is imposed
against the party that benefited from the interpleader action and is taken
out of the interpleader fund, but the court may tax a losing claimant
directly if that claimant's conduct justifies doing so. *Prudential-Bache
Securities, Inc v Tranakos*, 593 F Supp 783, 785 (ND Ga, 1984). States
that allow the recovery of attorney fees by interpleader plaintiffs include
New York, Texas, and Mississippi. See *Republic Nat'l Bank of New York v
Lupo*, 215 AD2d 467, 468; 627 NYS2d 402 (1995); *Fischbein, Badillo, Wag-
ner v Tova Realty Co*, 193 AD2d 442, 444-445; 597 NYS2d 676 (1993);
*Olmos v Pecan Grove Municipal Utility Dist*, 857 SW2d 734, 741 (Tex
App, 1993); *Hillhaven, Inc v Care One, Inc*, 620 SW2d 788, 793 (Tex App,
1981); *Hartford Accident & Indemnity Co v Natchez Inv Co*, 161 Miss
198, 200-221; 132 So 535 (1931).

trial court erred in concluding that it was not entitled to attorney fees. *Id.* at 680. The plaintiff argued that while neither statute nor court rule permitted the recovery of attorney fees in a declaratory judgment action, it was entitled to attorney fees under the judicial exception allowing the recovery of attorney fees in interpleader actions. *Id.* at 681. The plaintiff argued that its declaratory judgment action was comparable to an interpleader action because it indifferently sought recovery from the defendants. *Id.* Citing *Star Transfer*, this Court stated that, "[o]ne who commences an interpleader action is entitled to the recovery of attorneys' fees." *GRP, supra* at 681. However, this Court found the exception inapplicable on the basis that the declaratory judgment action was not an interpleader action because the plaintiff did not bring the action to protect itself against multiple liability. *Id.* at 681-682.

The statements in *GRP* regarding the exception were dicta because, as a result of this Court's finding that the exception was not applicable to the facts before it, it was not necessary that this Court address the existence of such an exception. See *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 597-598; 374 NW2d 905 (1985) ("statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication"). Nevertheless, this Court's statements in *GRP* were further evidence of the existence of an exception allowing the recovery of attorney fees by interpleader plaintiffs. Therefore, on the basis of *Star Transfer* and *GRP, supra*, we conclude that a common-law exception exists allowing the recovery of attorney fees by interpleader plaintiffs.

Furthermore, contrary to defendants' arguments, the fact that a provision for an award of attorney fees was not incorporated into MCR 3.603 is not dispositive of whether a common-law exception exists. When interpreting the Michigan Court Rules, this Court applies the rules of statutory construction. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). The rules of statutory construction provide that, when enacting a statute, the Legislature is presumed to be aware of the common law that may be affected by the enactment. *Bennett v Weitz*, 220 Mich App 295, 299; 559 NW2d 354 (1996). Because the rules of statutory construction apply to the interpretation of court rules, it follows that, when adopting a court rule, our Supreme Court is presumed to be aware of the common law that may be affected by the adoption. Thus, when it adopted MCR 3.603, our Supreme Court is presumed to have been aware of the common-law exception provided in the *Star Transfer* and *GRP* decisions. Had the Court wished to disallow an award of attorney fees to an interpleader plaintiff, it could have expressly done so in the court rule.

Defendants also argue that an award of attorney fees was not justified under the common-fund exception. While we believe that the reasoning behind the common-fund exception is applicable to an exception for interpleader plaintiffs, we agree that the common-fund exception, as it has been defined by the courts, is not applicable to the instant case. The common-fund exception provides for an award of attorney fees to a party that, alone, has borne the expenses of litigation that created or protected a common fund for the benefit of others as well as itself. *In re Attorney*

*Fees of Kelman, Loria, Downing, Schneider & Simpson*, 406 Mich 497, 503-504; 280 NW2d 457 (1979); *Amerisure Ins Co v Folts*, 181 Mich App 288, 291; 448 NW2d 829 (1989). The common-fund exception is based on the position that "it is unfair to allow others to benefit at the expense of the prevailing party without contributing to the costs incurred in securing the common fund." *Popma, supra* at 475. Unlike a class action, to which the common-fund exception is usually applicable, plaintiffs in the instant case were not the "prevailing party," but were innocent stakeholders who did not seek to create or protect the fund, but merely sought to avoid multiple liability by having a court quiet title to the mineral rights. Thus, the common-fund exception does not apply to this case. However, given that Michigan courts have recognized the common-fund exception on the basis that a party who has created or protected a fund for the benefit of himself and others should not be the sole bearer of the costs and fees required to create or protect the fund, it is not unusual that an interpleader plaintiff, who admits liability and deposits the money or property with the court pursuant to MCR 3.603, should be allowed to recover the attorney fees required to maintain suit to determine the true owner of the money or property. Therefore, on the basis of *Star Transfer* and *GRP*, we conclude that a common-law exception exists allowing the recovery of attorney fees by an interpleader plaintiff.

Next, defendants argue that an award of attorney fees was improper because plaintiffs accepted the leases with knowledge that there were competing claims to the ownership of the mineral rights and without warranty of title. We disagree. A trial court's

decision to award attorney fees is reviewed for an abuse of discretion. *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997).

The leases from the state were granted "without warranty, express or implied," and contained the following provision:

> Lessor shall not be liable for any damages resulting from failure of its title to rights included herein: provided, however, that if the Lessor's title fails as to any or all of the rights in the oil and gas covered by this lease, the Lessor shall refund to the Lessee all bonus, rental or royalty payments made by the Lessee attributable to that part or portion of, or interest in, the title which has failed.

Defendants contend that, considering these provisions, it was inequitable for the trial court to award attorney fees. However, the lease provisions merely limit defendants' liability for damages resulting from failure of title, it does not extend to an award of attorney fees permitted by a common-law exception. Here, the state's title did not fail. Furthermore, we agree with the trial court's determination that nothing in the language of the leases obligated plaintiffs to defend the state's title or clearly indicated an intent that plaintiffs bear the burden of the expenses required to establish the state's title to the mineral rights. Therefore, the trial court did not abuse its discretion in ordering the state to pay a portion of plaintiffs' attorney fees incurred in bringing the interpleader action.

Affirmed.

O'CONNELL, J. *(concurring)*. I concur, but write separately to express my concerns about the legal sup-

port for the rule the majority announces today and to invite our Supreme Court to clearly resolve this issue.

Michigan follows the so-called "American rule," under which attorney fees are not recoverable unless specifically authorized by statute, court rule, or a common-law exception. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). Exceptions are to be narrowly construed. *Brooks v Rose*, 191 Mich App 565, 575; 478 NW2d 731 (1991). Furthermore, to recover attorney fees under a common-law exception, that exception must be generally recognized. *Popma, supra* at 475; *Phinney v Perlmutter*, 222 Mich App 513, 560; 564 NW2d 532 (1997); *Brooks, supra* at 575.

The only support for the exception the majority announces today is found in two cases—*Star Transfer Line v General Exporting Co*, 308 Mich 86; 13 NW2d 217 (1944), and *GRP, Ltd v United States Aviation Underwriters, Inc*, 70 Mich App 671; 247 NW2d 583 (1976), aff'd 402 Mich 107 (1978). As the majority recognizes, the statement in *GRP* that attorney fees are recoverable in interpleader actions was merely dictum, lacking the force of an adjudication. This leaves only *Star Transfer*.

In that case, our Supreme Court was not presented with the issue whether interpleader actions constitute a generally recognized common-law exception to the American rule. Although the Court did in fact allow an award of attorney fees, *Star Transfer, supra* at 119-120, the Court did *not hold* that the American rule is inapplicable to interpleader actions. I do recognize, however, that *Star Transfer* is stare decisis with respect to this issue because the Court affirmed the trial court's grant of attorney fees. Because I am

required to follow Supreme Court precedent, *People v Sobczak-Obetts*, 238 Mich App 495, 497; 606 NW2d 658 (1999), I concur in the majority's conclusion that attorney fees are recoverable in interpleader actions under *Star Transfer*.

However, I am hesitant to conclude that interpleader actions are a "generally recognized" exception to the American rule on the basis of one Supreme Court opinion that did not squarely address the issue. I therefore invite our Supreme Court to amend the Michigan Court Rules to provide that attorney fees are recoverable in interpleader actions.